UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RUSSELL THORNE and SABRINA THORNE,

        Plaintiffs,

v.

MARYSE WAGNER; LEGAL SERVICE PROVIDERS; and PHILLIP SINGER,

        Defendants.

2:06-CV-00942-PMP-PAL

O R D E R

Presently before the Court is Defendant Maryse Wagner's Motion to Dismiss Plaintiffs' Complaint (Doc. #11), filed on November 16, 2006. Plaintiffs filed an Opposition (Doc. #16) on December 20, 2006 and an Errata (Doc. #18) on January 5, 2007. Defendant Maryse Wagner did not file a reply.

**I.     BACKGROUND**

Plaintiffs Russell and Sabrina Thorne are husband and wife and live in Florida.[1] (Compl. [Doc. #4] at 2, 5.) Defendant Phillip Singer ("Singer") is a Nevada licensed attorney. (Id. at 2.) According to the Complaint, Singer oversaw the business of Defendant Legal Service Providers. (Id.) Defendant Maryse Wagner ("Wagner") was employed at Legal Service Providers. (Id.)

///

---

[1] Because the Court considers this matter on a motion to dismiss, the Court takes as true the allegations in Plaintiffs' Complaint. Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

According to the Complaint, Russell Thorne contacted Legal Service Providers through an email address on Legal Service Providers' website to obtain a divorce from his then-wife, Suze Thorne. (Id. at 4.) At Singer's direction, Russell and Suze Thorne filed a joint petition for divorce through Legal Service Providers with the Fort McDermitt Tribal Court in June 2003, entered into a marital settlement agreement, and filed a petition for dissolution of marriage. (Id.) They were divorced on June 11, 2003. (Id.)

Believing he was divorced from Suze, Russell shortly thereafter married Plaintiff Sabrina Thorne. (Id.) On August 8, 2003, Suze Thorne filed for a dissolution of marriage in Florida, which the Florida court granted in March 2004. (Id.) The Florida court held the tribal court lacked subject matter jurisdiction to enter a divorce between the parties and the tribal divorce decree therefore was not valid. (Id.)

After discovering the tribal divorce decree's invalidity and the implications regarding bigamy, Sabrina Thorne attempted suicide and became an alcoholic. (Id. at 4-5.) Russell Thorne also attempted suicide due to financial stress and became an alcoholic. (Id. at 4-5.) After the Florida court entered a valid divorce decree between Russell and Suze, Russell married Sabrina. (Id. at 5.) Plaintiffs bring the instant Complaint against Singer, Wagner, and Legal Service Providers for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious breach of contract, fraudulent or intentional misrepresentation, negligent interference with contractual relations - marriage, legal malpractice, negligence, negligence per se, unjust enrichment, and intentional infliction of emotional distress. (Id. at 5-13.)

Defendant Wagner now moves to dismiss, arguing Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing, and tortious breach of contract fail to state a claim against her because she was not personally a party to the contract between Legal Service Providers and Plaintiffs. Defendant Wagner also argues Plaintiffs' claim for fraudulent or intentional misrepresentation is not pled with sufficient

particularity. Defendant Wagner argues Plaintiffs' claim for negligent interference with contractual relations - marriage fails because Russell Thorne specifically contracted to dissolve his marriage. Defendant Wagner further argues Plaintiffs' unjust enrichment claim cannot lie where Plaintiffs have pled a valid contract existed between the parties. Finally, Defendant Wagner argues the economic loss doctrine bars Plaintiffs' negligence claims. Plaintiffs respond that Defendant Legal Service Providers is Defendant Wagner's alter ego, they pled fraud with particularity, and the economic loss rule does not apply because Plaintiffs suffered harm beyond purely economic losses.

## II.  LEGAL STANDARD

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). The issue is not whether the plaintiff ultimately will prevail, but whether he may offer evidence in support of his claims. See id. at 249 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Consequently, the Court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995).

///
///
///

### III.  DISCUSSION

**A.  Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Tortious Breach of Contract**

Defendant Wagner argues Plaintiffs' contract-based claims fail to state a claim against her because the contract at issue was between Legal Service Providers and Russell Thorne. Defendant Wagner asserts that because she was not personally a party to the contract, Plaintiffs cannot enforce the contract against her. Plaintiffs respond that Legal Service Providers is Defendant Wagner's alter ego, as demonstrated by Defendant Wagner's status as the president, secretary, treasurer, and resident agent for Legal Service Providers and Defendant Wagner's participation in the alleged conduct in the Complaint. Plaintiffs also argue that failure to treat Legal Service Providers as Defendant Wagner's alter ego would sanction fraud and promote injustice. Defendant Wagner did not respond to these arguments.

Nevada generally treats corporations and shareholders as separate legal entities. LFC Mktg. Group, Inc. v. Loomis, 8 P.3d 841, 845 (Nev. 2000). However, Nevada recognizes the equitable remedy of piercing the corporate veil where the corporate form is abused and the corporation acts as the alter ego of a controlling individual. Id. at 845-46. The party asserting alter ego and attempting to pierce the corporate veil must establish that the person asserted to be the corporation's alter ego influenced and governed the corporation, there is such a unity of interest and ownership that one is inseparable from the other, and "adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice." Lorenz v. Beltio, Ltd., 963 P.2d 488, 496 (Nev. 1998); LFC Mktg. Group, Inc., 8 P.3d at 846-47. Factors which may indicate a unity of interest and ownership include whether the corporation had an independent business operation or existed solely for the purpose of conducting the alleged alter ego's personal business, commingling of funds, undercapitalization, unauthorized diversion of funds,

4

treatment of corporate assets as the individual's own, and failure to observe corporate formalities. Id. at 496-97.

The Court cannot say it appears beyond doubt Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief on their contract-related claims. Plaintiffs assert Legal Service Providers is Wagner's alter ego and have made a preliminary showing that Wagner dominated and influenced Legal Service Providers because she holds every corporate office. Plaintiffs also have presented evidence that failing to pierce the corporate veil would promote injustice or sanction a fraud because Legal Service Providers is now defunct. Wagner has made no effort at this stage of the proceedings to dispute Defendant Legal Service Providers is her alter ego. The Court does not make a finding that Defendant Legal Service Providers is in fact Defendant Wagner's alter ego, but only that for purposes of Defendant Wagner's motion to dismiss, it does not appear beyond doubt that Plaintiffs can prove no set of facts to support their contract-based claims against Defendant Wagner. The Court therefore will deny Defendant Wagner's motion to dismiss on this basis.

**B. Fraudulent or Intentional Misrepresentation**

Defendant Wagner moves to dismiss Plaintiffs' claim for fraudulent or intentional misrepresentation for failure to plead fraud with particularity. Plaintiffs contend the Complaint adequately details the alleged fraud.

Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity" in the complaint. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s requirements, the complaint "'must set forth more than the neutral facts necessary to identify the transaction.'" Yourish v. Cal. Amplifier, 191 F.3d 983, 993 (9th Cir. 1999) (footnote omitted) (quoting In re GlenFed Sec. Litig., 42 F.3d 1541, 1545 (9th Cir. 1994) (en banc)). The Ninth Circuit has defined "neutral facts" to mean the "'time, place, and content of an alleged misrepresentation.'" Id. at 993 n.10 (quoting

5

GlenFed, 42 F.3d at 1547-48). In addition to pleading these neutral facts, the plaintiff "'must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.'" Id. (quoting GlenFed, 42 F.3d at 1548).

Plaintiffs' Complaint fails to plead fraud with particularity. The Complaint does not identify the neutral facts as it does not specify which Defendant made which alleged false representation, but instead groups Singer and Wagner together as "Defendants." The Complaint also does not identify with specificity what particular false statements are the subject of this claim, nor does it identify when or to whom Defendants made the statements. To the extent the Complaint specifies between Singer and Wagner's conduct, the Complaint identifies Singer as the actor. The Complaint contains no allegations specific to Wagner other than identifying her as an employee of Legal Service Providers. Finally, the Complaint does not state with particularity the content of each false representation and why it is false. Although Plaintiffs add detail to their allegations in their opposition to Wagner's motion to dismiss, the Complaint contains no such allegations. Accordingly, the Court will dismiss without prejudice Plaintiffs' claim for fraudulent or intentional misrepresentation (count four) for failure to plead fraud with particularity.

**C. Negligent Interference With Contractual Relations - Marriage, Negligence, Negligence Per Se, Unjust Enrichment, and Intentional Infliction of Emotional Distress**

1. Negligent Interference With Contractual Relations - Marriage

Count five of the Complaint alleges a valid contract existed between Plaintiffs and a third party, Defendants knew of the contract and committed intentional acts designed to disrupt the contractual relationship, and these acts disrupted the contractual relationship resulting in damages to Plaintiffs. (Compl. at 9.) Defendant Wagner moves to dismiss this claim, arguing Russell Thorne contacted Legal Service Providers to assist him in obtaining a divorce and Plaintiffs cannot now claim this constituted interference when done at

6

1 Russell's request. Plaintiffs have offered no authority or argument for the proposition that a
2 plaintiff can recover for interference with contractual relations where the plaintiff requested
3 the defendant's interference. The Court therefore will grant Defendant's motion to dismiss
4 this claim. See LR 7-2(d).

### 2. Unjust Enrichment

6 Defendant Wagner moves to dismiss Plaintiffs' unjust enrichment claim because
7 Plaintiffs pled a valid contract existed. Plaintiffs do not respond to this argument. The
8 Court therefore will grant Defendant's motion to dismiss this claim. See LR 7-2(d).
9 Furthermore, in Nevada, a party may not recover on a theory of unjust enrichment when
10 there is an express, written contract "because no agreement can be implied when there is an
11 express agreement." Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975,
12 942 P.2d 182, 187 (Nev. 1997). Plaintiffs allege a "valid and existing contract was entered
13 into between [P]laintiffs and Defendants . . . ." (Compl. at 6.) Plaintiffs cannot recover
14 under the theory of unjust enrichment because they have alleged a valid contract existed
15 between the parties.[2] The Court therefore will dismiss count nine.

### 3. Economic Loss Doctrine

17 Defendant Wagner asserts the economic loss doctrine bars Plaintiffs' negligence-
18 based claims. Plaintiffs respond that because they seek more than just the economic value
19 of the benefit of the bargain in the form of a valid divorce decree, the economic loss
20 doctrine does not apply.

21 Nevada recognizes the rule that a plaintiff may not recover for purely economic
22 losses in a negligence action unless there is privity of contract or injury to a person or
23 property. Local Joint Executive Bd. of Las Vegas, Culinary Workers Union, Local No. 226
24 v. Stern, 651 P.2d 637, 638 (Nev. 1982). "Purely economic loss is generally defined as the

---

26 [2] Plaintiffs make no argument they were pleading in the alternative.

loss of the benefit of the user's bargain . . . including . . . pecuniary damage for inadequate value, the cost of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to other property." Calloway v. City of Reno, 993 P.2d 1259, 1263 (Nev. 2000) (quotation omitted), overruled on other grounds by Olson v. Richard, 89 P.3d 31 (2004). This rule, known as the economic loss doctrine, "serves to distinguish between tort, or duty-based recovery, and contract, or promise-based recovery, and clarifies that economic losses cannot be recovered under a tort theory." Id. at 1264.

The rule's primary purpose is to protect a party from "unlimited liability for all of the economic consequences of a negligent act, particularly in a commercial or professional setting, and thus to keep the risk of liability reasonably calculable." Stern, 651 P.2d at 638. Although arising from products liability law, Nevada has extended the economic loss doctrine to other types of claims. See Oak Grove Investors v. Bell & Gossett Co., 668 P.2d 1075, 1080-81 (Nev. 1983) (holding economic loss doctrine did not bar negligence claim where apartment complex's defective heating and plumbing system leaked water throughout the complex because resulting damages were not purely economic losses where property damage to other apartments occurred); Stern, 651 P.2d at 638 (holding economic loss doctrine barred hotel employees from recovering lost wages and employment benefits under negligence theory).

The economic loss doctrine does not bar Plaintiffs' claims because they do not allege purely economic losses. Plaintiffs allege they suffered physical and emotional trauma requiring medical care. (Compl. at 10-12, 17.) Although Defendant Wagner asserts no basis exists to relate Plaintiffs' alleged suicides, alcoholism, and heart problems to Defendant Wagner's conduct, the Court must accept as true the Complaint's allegations at the motion to dismiss stage. The Court therefore will deny Defendant Wagner's motion to dismiss Plaintiffs' negligence-based claims.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Maryse Wagner's Motion to Dismiss Plaintiffs' Complaint (Doc. #11) is GRANTED to the extent that counts five and nine of Plaintiffs' Complaint are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that Defendant Maryse Wagner's' Motion to Dismiss Plaintiffs' Complaint (Doc. #11) is GRANTED to the extent that count four of Plaintiffs' Complaint is hereby dismissed without prejudice, and that Plaintiff shall have thirty (30) days from the date of this Order within which to file an Amended Complaint should she wish to renew her claim for fraudulent or intentional misrepresentation.

IT IS FURTHER ORDERED that Defendant Maryse Wagner's' Motion to Dismiss Plaintiffs' Complaint (Doc. #11) is denied in all other respects.

DATED:   February 7, 2007

_____
PHILIP M. PRO
United States District Judge