NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 West Tropicana, Suite 268
Las Vegas, Nevada 89103
Telephone: (702) 800-6525
Facsimile: (702) 800-6527
*Attorney for SABRINA THORNE*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL AND SABRINA THORNE,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIP SINGER, MARYSE WAGNER, LEGAL SERVICE PROVIDERS, DOES I-XX, Inclusive<br><br>Defendants. | CASE NO.:   2:06-cv-00942-pmp-pal |

### AFFIDAVIT OF RENEWAL OF JUDGMENT

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF MIAMI DADE    )

I, SABRINA THORNE, do hereby swear under penalty of perjury that the assertions of this affidavit are true and in compliance with NRS § 17.214, NRS § 17.130(2) and NRS § 11.190. I hereby submit this Affidavit of Renewal of Judgment against Defendants.

1

1.     I am over the age of eighteen and competent to testify of my own knowledge to the assertions below.

2.     I am the Plaintiff in this matter and my co-plaintiff Russell Thorne is now deceased. I am a widow and my co-plaintiff was my husband. I am the sole successor to Russell Thorne and now maintain the sole interest in the Final Judgment. The Defendants are Philip Singer, Maryse Wagner, and Legal Service Providers.

3.     I have personal knowledge of the facts contained in this Affidavit and if called to do so, would testify competently thereto.

4.     A Final Judgment was filed on May 20, 2008 in case number 2:06-cv-00942-pmp-pal and attached hereto as Exhibit A.

5.     The total judgment amount is in the amount of $6,530,000 plus interest at the 2008 statutory interest rate of 7.25% pursuant to NRS 99.040(1).

6.     Payment has been made upon the Final Judgment as follows: *none to date.*

7.     There are not setoffs or counterclaims in favor of the judgment debtors.

8.     The Judgment has not been docketed with any county recorder's office to my knowledge.

9.     An abstract of judgment has not been recorded with the county clerk.

1  10. There is no outstanding writ of execution for enforcement of the judgment.

2  11. Pursuant to NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th date of May, 2014.

*/s/ Sabrina Thorne*
SABRINA THORNE

SUBSCRIBED AND SWORN to before me
This 19th day of May, 2014 by Sabrina Thorne

_____
NOTARY PUBLIC

Commission Expires: September 30, 2014

[Notary seal: JEANNIE APONTE, MY COMMISSION # EE 031053, EXPIRES: September 30, 2014, Bonded Thru Budget Notary Services]

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Mitchell C. Wright, Esq.
325 West Liberty Street
Reno, Nevada 89501
775.324-1117 Telephone
775.324-1118 Facsimile
MitchWright@WrightLawOffices.com
Nevada Bar #5835
ATTORNEY FOR THE PLAINTIFFS

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

*****

| | |
|---|---|
| RUSSELL AND SABRINA THORNE, | |
| Plaintiffs, | CASE NO.: 2:06-CV-00942-PMP-PAL |
| vs. | **FINAL JUDGMENT** |
| PHILIP SINGER, MARYSE WAGNER, LEGAL SERVICE PROVIDERS, DOES I-XX, Inclusive, | |
| Defendants. | |

This cause came before the Court with Mitchell C. Wright appearing as counsel for the Plaintiffs and the Defendant Philip Singer failing to appear after notice having been given; and the Court having considered the briefs of council and the Affidavit of plaintiff Russell Thorne, NOW THERFORE, based upon the Findings of Fact and Conclusions of Law adopted by the Court, it is ORDERED, ADJUDGED AND DECREED that the Plaintiffs shall take judgment against the defendant and further that:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Russell Thorne utilized Legal Service Providers (LSP) while a resident of Miami Beach, Florida via internet sales, to obtain legal assistance and processing of his divorce from his former wife Suze Thorne.

3. Philip Singer, through LSP, represented that the Fort McDermitt Tribal Court in Nevada had jurisdiction over the divorce despite that fact that neither Russell Thorne nor his former wife were residents of Nevada.

4. Because of this misrepresentation and at the direction of LSP, I filed a joint petition through LSP with the Fort McDermitt Tribal Court by overnight mail and was divorced on or about June 11, 2003.

5. Russell Thorne relied upon the direction of LSP under the guidance of Phillip Singer as an attorney that the divorce was valid in all 50 states.

6. Russell Thorne married Sabrina Thorne shortly thereafter, relying on the representations of Defendants that that the divorce was valid.

7. On August 8, 2003, former wife Suze filed for a Dissolution of Marriage in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida, which was granted on or about March 10, 2004.

8. The Circuit Court held that the Fort McDermitt Tribal Court did not have subject-matter jurisdiction to enter the divorce between the parties, and that the Nevada divorce was not valid

9. Legal Services Provider (hereinafter LSP) advertised on the Internet at sites including legalservicesproviders.com and/or lasvegasdivorcedoctor@hotmail.com. The website included representations that it offered a Nevada Tribal Court Divorce that was simple and easy and valid without a residency requirement and no matter where the parties were married. Defendant Maryse Wagner represented on numerous occasions to Russell Thorne

1    in telephone communications that the company's legal representation would result in a

2    divorced from former wife Suze Thorne and that the Fort McDermitt Tribal Court

3    maintained jurisdiction over the divorce. Defendant Singer maintained that the divorce

4    was valid in all 50 states by email from Philip Singer to Russell Thorne dated January 5,

5    2005.

6    10. Based on Defendants' actions and misrepresentations, Plaintiff Russell Thorne in his

7    Affidavit set forth his damages exceeding $6,000,000. These damages include legal fees

8    of $115,000 for the defense of the divorce action brought against Russell Thorne by his

9    former wife, Suze Thorne, in the Miami-Dade County Court of Florida. To help generate

10   monies for the suit, he was forced to affect a distress sale of the home in which he was

11   residing, a penthouse home on Miami Beach, for $565,000 which today appraises at

12   $1,600,000. Therefore, he is damaged in the amount of $1,035,000 on that transaction.

13   He was forced to sell his 1981 Silver Spur Rolls Royce to obtain living expenses at a loss

14   of $75,000.

15   11. Additionally, both Russell Thorne and his wife experienced extreme emotional distress

16   resulting in medical and psychological trauma due to defending the Florida divorce action

17   and being considered bigamists. The stress of this ordeal resulted in Russell Thorne's

18   inability to work precipitating a substantial loss of income of approximately $750,000.

19   Because he was unable to work, he lost his health insurance and has been unable to obtain

20   comparable insurance. Both he and his wife became dependent on prescription pain and

21   anxiety medication and alcohol and were driven to suicide attempts, which are medically

22   documented. Neither had done more than drink socially prior to the events giving rise to

23   this suit. The events giving rise to the suit were unduly stressful to Sabrina, who is

24   younger than Russell and comes from a very religious background. Both of her parents

1   are ministers, and she was a virgin when the parties married. To be ruled a bigamist by the

2   Florida court devastated Sabrina. On February 9, 2004, Sabrina attempted suicide by an

3   overdose of pills. Russell Thorne drove her to the hospital emergency room. That

4   hospital bill was $1,420.25. On other occasions, Sabrina attempted suicide by jumping

5   out of a moving automobile and by slashing her wrists. Both attempts were aborted by

6   Russell. Russell attempted suicide by trying to jump off my balcony and crashing my car.

7   Those attempts were thwarted by Sabrina.

8   12. Russell Thorne also suffered from a heart condition.  As a direct result of his alcoholism,

9   Russell Thorne suffered from congestive heart failure and has had three in-hospital

10   emergency procedures related to this heart condition. A minimum of a fourth surgical

11   procedure will be required to correct this condition. These medical procedures are

12   pending but are expected to exceed $250,000. This congestive heart failure has nearly

13   destroyed his relationship with my wife Sabrina due to an extreme drop in sexual ability

14   and activity. He now requires a wheelchair to walk more than a few yards.

15   13. The fallout from this invalid divorce has substantially impacted Russell Thorne's life and

16   that of Sabrina as well. When they were first married, Russell Thorne owned the Miami

17   Beach, high-rise condominium on the ocean. He had a lucrative business that provided a

18   substantial income and allowed the parties to live well and to travel. Russell Thorne was a

19   vigorous man, enjoying an active sex life and many activities. Due to the stress caused by

20   this invalid divorce, he and his wife both became dependent on alcohol and prescription

21   medication. His health has substantially deteriorated and he has been unable to work. He

22   has had to rely on friends to help him get by financially, which is embarrassing for

23   someone who is used to being able to support himself and his wife. He has lost

24

1  everything, not just money, but health and peace of mind. While damages will help to
2  compensate him for his injuries, he will never be the same again.
3  14. The Plaintiffs listed and described in detail each item of damage claimed in each and
4  every cause of action as follows:

| Item | Amount |
|---|---|
| Defense of Florida Divorce action | $ 115,000 |
| Forced sale of oceanfront condominium (loss of appreciation) | $1,035,000 |
| Incurred debt for living expenses | $ 300,000 |
| Loss of Business Sales | $2,000,000 |
| Loss of Personal Income of Russell Thorne | $ 750,000 |
| Medical Expenses (pending but expected to exceed) | $ 250,000 |
| Distressed sale of 1981 Silver Spur Rolls Royce | $ 75,000 |
| Pain and suffering | $2,000,000 |
| Attorney's costs and fees for April 24 Settlement Conference | $ 5,000 |
| **TOTAL** | **$6,530,000** |

15. Based on the Motion for Default Judgment and the Affidavit of Russell Thorne, IT IS HEREBY ORDERED that the Plaintiffs shall recover damages against defendant PHILIP SINGER in the amount of ___6,530,000.00___. Accordingly, the Clerk of Court shall enter judgment in favor of the Plaintiffs and against the defendant in that amount.

DATED: May 19, 2008

_____
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I certify that that on the date shown below, I served a true and correct copy of the foregoing document by:

___✓___ Placing an original or true copy thereof in a sealed envelope, postage prepaid, for collection and mailing in the United States Mail at Reno, Nevada.

_____ Facsimile machine to the following numbers. (See Below)

_____ Personal delivery

_____ Certified Mail, Return Receipt requested

_____ electronic means pursuant to the Local Rules of the U.S. Federal District Court of Nevada.

Addressed to :

| Philip Singer |  |
| --- | --- |
| 1121 Palm Street Suite 24 |  |
| Las Vegas, NV 89104 |  |
| 702.868.3377 |  |
| 702.868.3378 |  |
| State Bar # 7914 |  |

Dated: May 19th, 2008.

I hereby attest and certify on 1/2/14 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy Clerk



## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD. and that on this 20th day of May, 2014, I served a true and correct copy of the **AFFIDAVIT OF RENEWAL OF JUDGMENT** by:

\_\_\_\_  U.S. Mail

_X_\_  Certified U.S. Mail, Return Receipt Requested pursuant to NRS 17.214(3)

\_\_\_\_  Facsimile

\_\_\_\_  Personal Service

\_\_\_\_  Messenger Service

To the following:

Philip Singer
608 S. 8th Street
Las Vegas NV 89101
*Last known address per Motion to Withdraw*

Maryse Wagner
5425 E. Broadway #242
Tucson AZ 85711
*Last known address per Motion to Withdraw*

Legal Service Providers
7500 W. Lake Mead Blvd. #C9125
Las Vegas NV 89128
*Last known address per Secretary of State*

DATED this 20th day of May, 2014.

_____
Employee of CUTTER LAW FIRM, CHTD.

5